| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Douglas J. Evertz, State Bar No. 123066<br>Jennifer Riel McClure, State Bar No. 180055<br>MURPHY & EVERTZ LLP<br>650 Town Center Drive, Suite 550<br>Costa Mesa, California 92626<br>Telephone No.: (714) 277-1700<br>Fax No.: (714) 277-1777<br>devertz@murphyevertz.com; jmcclure@murphyevertz.com<br><br>Gregory P. Priamos, County Counsel, State Bar No. 136766<br>Bruce G. Fordon, Deputy County Counsel, State Bar No. 238801<br>James E. Brown, Assistant County Counsel, State Bar No. 162579<br>RIVERSIDE COUNTY COUNSEL'S OFFICE<br>3960 Orange Street, Suite 500<br>Riverside, California 92501<br>Telephone No.: (951) 955-6300<br>Fax No.: (951) 955-6363<br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Movant County of Riverside | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>Point Center Financial, Inc.<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:13-bk-11495-TA<br><br>CHAPTER: 7<br><br>**NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(ACTION IN NONBANKRUPTCY FORUM)**<br><br>DATE: 05/07/2019<br>TIME: 10:30 a.m.<br>COURTROOM: 5B |
|---|---|

**Movant:** County of Riverside

1. **Hearing Location:**
   ☐ 255 East Temple Street, Los Angeles, CA 90012         ☒ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367   ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                                                                  Page 1                                                     F 4001-1.RFS.NONBK.MOTION

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (date) _____ and (time) _____; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 04/02/2019

Murphy & Evertz, LLP
Printed name of law firm (if applicable)

Jennifer Riel McClure
Printed name of individual Movant or attorney for Movant

/s/ Jennifer Riel McClure
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                         Page 2                                         F 4001-1.RFS.NONBK.MOTION

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION

1. **In the Nonbankruptcy Action, Movant is:**

   a. ☒ Plaintiff
   b. ☐ Defendant
   c. ☐ Other (specify):

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:

   a. *Name of Nonbankruptcy Action:* County of Riverside v. The Preserve, LLC, et al
   b. *Docket number:* RIC 1824891
   c. *Nonbankruptcy forum where Nonbankruptcy Action is pending:*
      Riverside County Superior Court
   d. Causes of action or claims for relief (Claims):
      Eminent domain complaint to acquire a 69.98 acres of property located in Riverside County necessary to make critical improvements to the Lamb Canyon Landfill facility ("Project").

3. **Bankruptcy Case History:**

   a. ☒ A voluntary  ☐ An involuntary  petition under chapter  ☐ 7  ☒ 11  ☐ 12  ☐ 13
      was filed on (date) 02/19/2013 .

   b. ☒ An order to convert this case to chapter  ☒ 7 ☐ 11 ☐ 12 ☐ 13
      was entered on (date) 10/28/2013 .

   c. ☐ A plan was confirmed on (date) _____ .

4. **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:

   a. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.

   b. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   d. ☒ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.

   e. ☒ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                      Page 3                                    F 4001-1.RFS.NONBK.MOTION

    f. ☐ The bankruptcy case was filed in bad faith.

        (1) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

        (2) ☐ The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

        (3) ☐ Multiple bankruptcy cases affect the Nonbankruptcy Action.

        (4) ☐ The Debtor filed only a few case commencement documents. No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

    g. ☐ Other (*specify*):

5. **Grounds for Annulment of Stay.** Movant took postpetition actions against the Debtor.

    a. ☐ The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

    b. ☒ Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit 1 .

    c. ☐ Other (*specify*):

6. **Evidence in Support of Motion:** (*Important Note: declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)

    a. ☒ The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

    b. ☒ Supplemental declaration(s).

    c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit _____.

    d. ☐ Other evidence (*specify*):

7. ☒ An optional **Memorandum of Points and Authorities** is attached to this Motion.

**Movant requests the following relief:**

1. Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2. ☐ Movant may proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

3. ☐ The stay is annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014    Page 4    F 4001-1.RFS.NONBK.MOTION

4. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5. ☐ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6. ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8. ☒ Other relief requested.

Date: 04/02/2019

Murphy & Evertz, LLP
Printed name of law firm (*if applicable*)

Jennifer Riel McClure
Printed name of individual Movant or attorney for Movant

/s/ Jennifer Riel McClure
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                Page 5                                F 4001-1.RFS.NONBK.MOTION

## DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (*name of Declarant*) Fouad Mina _____, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding (Nonbankruptcy Action) because:

   ☐ I am the Movant.
   ☐ I am Movant's attorney of record in the Nonbankruptcy Action.
   ☒ I am employed by Movant as (*title and capacity*): Principal Engineer, Department of Waste Resources
   ☐ Other (*specify*):

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Nonbankruptcy Action. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

3. In the Nonbankruptcy Action, Movant is:

   ☒ Plaintiff
   ☐ Defendant
   ☐ Other (*specify*):

4. The Nonbankruptcy Action is pending as:

   a. *Name of Nonbankruptcy Action*: County of Riverside v. The Preserve, LLC, et al.
   b. *Docket number*: RIC 1824891
   c. *Nonbankruptcy court or agency where Nonbankruptcy Action is pending*:
      Riverside County Superior Court

5. **Procedural Status of Nonbankruptcy Action:**

   a. The Claims are:
      The County seeks acquisition of 69.98 acres of property located in the RiversideCounty necessary to make critical improvements to the Lamb Canyon Landfill ("Preserve Property").The County obtained relief from stay in In Re Preserve (Case No. 2:10-bk-18429-BB) to file an eminent action to condemn a portion of the Preserve Property. PCF is a beneficiary under a deed of trust secured by the Preserve Property.

   b. True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibit 2___.

   c. The Nonbankruptcy Action was filed on (*date*) 11/26/2018 .

   d. Trial or hearing began/is scheduled to begin on (*date*) _____.

   e. The trial or hearing is estimated to require 10 days (*specify*).

   f. Other plaintiffs in the Nonbankruptcy Action are (*specify*):

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 6                                    F 4001-1.RFS.NONBK.MOTION

g. Other defendants in the Nonbankruptcy Action are (*specify*):

The Preserve, LLC; John J. Menchaca, Chapter 7 Trustee for the Bankruptcy Estate of the Preserve, LLC; Scott Krentel; National Financial Lending; Richard K. Diamond, Receiver for National Financial Lending.

6. **Grounds for relief from stay:**

   a. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   b. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate. The insurance carrier and policy number are (*specify*):

   d. ☒ The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.

      (1) ☐ It is currently set for trial on (*date*) _____.

      (2) ☐ It is in advanced stages of discovery and Movant believes that it will be set for trial by (*date*) _____. The basis for this belief is (*specify*):

      (3) ☒ The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum is the most efficient use of judicial resources.

   e. ☐ The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Nonbankruptcy Action.

      (1) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

      (2) ☐ The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with the Nonbankruptcy Action based upon the following facts (*specify*):

      (3) ☐ Multiple bankruptcy cases affecting the Property include:

         (A) Case name:
         Case number:                              Chapter:
         Date filed:            Date discharged:           Date dismissed:
         Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 7                             F 4001-1.RFS.NONBK.MOTION

      (B) Case name:  
      Case number:                                      Chapter:  
      Date filed:                    Date discharged:             Date dismissed:  
      Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

      (C) Case name:  
      Case number:                                      Chapter:  
      Date filed:                    Date discharged:             Date dismissed:  
      Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

      ☐ See attached continuation page for information about other bankruptcy cases affecting the Nonbankruptcy Action.

      ☐ See attached continuation page for additional facts establishing that this case was filed in bad faith.

  f.  ☐ See attached continuation page for other facts justifying relief from stay.

7. ☒ Actions taken in the Nonbankruptcy Action after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

  a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

  b. ☒ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit 1___

  c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

3/29/2019     Fouad Mina                                  /s/ Fouad Mina  
*Date*           *Printed name*                                *Signature*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                            Page 8                       F 4001-1.RFS.NONBK.MOTION

Case 8:13-bk-11495-TA    Doc 1660    Filed 04/02/19    Entered 04/02/19 14:07:08    Desc
Main Document    Page 9 of 20

# EXHIBIT 1

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Douglas J. Evertz, State Bar No. 123066<br>Jennifer Riel McClure, State Bar No. 180055<br>MURPHY & EVERTZ LLP<br>650 Town Center Drive, Suite 550<br>Costa Mesa, California 92626<br>Telephone No.: 714.277.1700<br>Fax No.: 714.277.1777<br>Email: devertz@murphyevertz.com<br>      jmcclure@murphyevertz.com<br><br>Gregory P. Priamos, County Counsel, State Bar No. 136766<br>Bruce G. Fordon, Deputy County Counsel, State Bar No. 238801<br>James E. Brown, Assistant County Counsel, State Bar No. 162579<br>RIVERSIDE COUNTY COUNSEL'S OFFICE<br>3960 Orange Street, Suite 500<br>Riverside, California 92501<br>Telephone No.: (951) 955-6300<br>Fax No.: (951) 955-6363<br><br>☒ *Attorney for Movant, Jennifer Riel McClure*<br>☐ *Movant appearing without an attorney* | **FILED & ENTERED**<br><br>SEP 28 2018<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY jones    DEPUTY CLERK<br><br>CHANGES MADE BY COURT |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re:<br><br>The Preserve, LLC, a California Limited Liability Company<br><br><br><br><br><br><br><br>                                        Debtor(s). | CASE NO.: 2:10-bk-18429BB<br>CHAPTER: 7<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(REAL PROPERTY)**<br><br>DATE: 09/27/2018<br>TIME: 10:00 a.m.<br>COURTROOM: 1539<br>PLACE: 255 East Temple Street, Los Angeles, CA 90012 |

**Movant:** County of Riverside

1. The Motion was:    ☒ Opposed    ☐ Unopposed    ☐ Settled by stipulation

2. The Motion affects the following real property (Property):

   *Street address:*    Portions of Assessor Parcel No. 424-100-008 and 424-100-013 located in unincorporated Riverside County

{00136420.1 }This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                                                 Page 1                                            F 4001-1.RFS.RP.ORDER

Legal description or document recording number (including county of recording):

☒ See attached page.

The Motion is granted under:
  a. ☒ **11 U.S.C. § 362(d)(1)**
  b. ☐ 11 U.S.C. § 362(d)(2)
  c. ☐ 11 U.S.C. § 362(d)(3)
  d. ☐ 11 U.S.C. § 362(d)(4). The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:
     (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or
     (2) ☐ Multiple bankruptcy cases affecting the Property.
     (3) ☐ The court  ☐ makes  ☐ does not make  ☐ cannot make a finding that the Debtor was involved in this scheme.
     (4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

3. ☒ **As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:**
   a. ☒ **Terminated as to the Debtor and the Debtor's bankruptcy estate EFFECTIVE NOVEMBER 26, 2018.**
   b. ☐ Modified or conditioned as set forth in Exhibit _____ to this order.
   c. ☐ Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

4. ☐ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

5. ☐ Movant must not conduct a foreclosure sale of the Property before (date) _____.

6. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Agreement contained within this order.

7. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order. The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

8. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

9. ☐ The 14-day stay as provided in FRBP 4001(a)(3) is waived.

10. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

11. Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan

{00136420.1 }This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                        Page 2                              F 4001-1.RFS.RP.ORDER

modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

12. Upon entry of this order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion

   (a) ☐ without further notice.

   (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

14. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

15. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

   (a) ☐ without further notice.

   (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

16. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

   (a) ☐ without further notice.

   (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

17. ☒ Other (*specify*): **The Court leaves unresolved the issue of whether the County's proposed eminent domain proceeding is exempt from the automatic stay under the police and regulatory power exemption per 11 U.S.C. § 362(b)(4).**

###

Date: September 28, 2018

Sheri Bluebond
United States Bankruptcy Judge

{00136420.1 }This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                            Page 3                                    F 4001-1.RFS.RP.ORDER

# ATTACHMENT

Case 8:13-bk-11495-TA    Doc 1660    Filed 04/02/19    Entered 04/02/19 14:07:08    Desc
                          Main Document    Page 14 of 20
Case 2:10-bk-18429-BB    Doc 902    Filed 09/28/18    Entered 09/28/18 15:36:52    Desc
                          Main Document    Page 15 of 24
Case 2:10-bk-18429-BB    Doc 879-1    Filed 08/24/18    Entered 08/24/18 15:12:22    Desc
                          Exhibit 1    Page 15 of 24

Exhibit "A"

Lamb Canyon Sanitary Landfill
Parcels A & B

### Parcel A

Parcel A of Instrument No. 2008-0127037, recorded March 14, 2008, records of Riverside County, State of California, and being located in Section 20, Township 3 South, Range 1 West, San Bernardino Meridian within the unincorporated territory of Riverside County, described as follows:

> Beginning at the southeast corner of said Section 20 as shown in Record of Survey on file in Book 130, Pages 91 through 95, inclusive, of Records of Survey, records of said county;
>
> Thence along the south line of said Section 20, North 89° 21' 47" West, 1021.52 feet to the southeasterly line of land conveyed to the Southern California Edison Company by deed recorded June 12, 1970 as Instrument No. 55231 of Official Records of said county;
>
> Thence leaving said south section line and along said southeasterly line, North 42° 10' 43" East, 1512.36 feet to the east line of said Section 20;
>
> Thence leaving said southeasterly line and along the east line of said section, South 00° 18' 12" East, 1132.11 feet to the Point of Beginning.
>
> The above-described parcel of land contains 13.27 acres, more or less.
>
> Bearings and distances are based on the California State Plane Coordinate System of 1983, Zone 6, North American Datum of 1983, epoch 2007.00. Divide grid distances by a combination factor of 0.99989938 to obtain ground distances.

### Parcel B

Parcel B of Instrument No. 2008-0127037, recorded March 14, 2008, records of Riverside County, State of California, and being located in Section 20, Township 3 South, Range 1 West, San Bernardino Meridian within the unincorporated territory of Riverside County, described as follows:

> Commencing at the east quarter corner of said Section 20 as shown in Record of Survey on file in Book 130, Pages 91 through 95, inclusive, of Records of Survey, records of said county;
>
> Thence along the east line of the southeast quarter of said Section 20, South 00° 18' 12" East, 539.50 feet to the Point of Beginning, said point being North 00° 18' 12" West, 2069.12 feet from the southeast quarter corner of said Section 20;

-1-

Case 8:13-bk-11495-TA    Doc 1660    Filed 04/02/19    Entered 04/02/19 14:07:08    Desc
Main Document    Page 15 of 20
Case 2:10-bk-18429-BB    Doc 902    Filed 09/28/18    Entered 09/28/18 15:36:52    Desc
Main Document    Page 16 of 24
Case 2:10-bk-18429-BB    Doc 878-1    Filed 08/24/18    Entered 08/24/18 15:12:22    Desc
Exhibit 1    Page 16 of 24

Thence continuing along said east line, South 00° 18' 12" East, 529.86 feet to the northwesterly line of land conveyed to the Southern California Edison Company by deed recorded June 12, 1970 as Instrument No. 55231 of Official Records of said county;

Thence leaving said east line and along said northwesterly line, South 76° 30' 04" West, 26.59 feet to an angle point;

Thence continuing along said northwesterly line, South 42° 10' 43" West, 1857.79 feet to the east line of the southwest quarter of the southeast quarter of said Section 20;

Thence leaving said northwesterly line of the Edison land and along said east line, North 00° 06' 44" West, 1164.18 feet to the northeast corner of said southwest quarter of the southeast quarter;

Thence leaving said east line and along the north line of said southwest quarter of the southeast quarter, North 89° 21' 12" West, 1252.68 feet to a point distant South 89° 21' 12" East, 24.00 feet from the northwest corner of said southwest quarter of the southeast quarter;

Thence leaving said north line, North 00° 26' 39" East, 734.51 feet;

Thence South 89° 59' 59" East, 2519.65 feet to the Point of Beginning;

The above-described parcel of land contains 56.71 acres, more or less.

Bearings and distances are based on the California State Plane Coordinate System of 1983, Zone 6, North American Datum of 1983, epoch 2007.00. Divide grid distances by a combination factor of 0.99989938 to obtain ground distances.

JAMES R. McNEILL

Land Surveyor No. 7752
Signed on Behalf of:
    Department of Waste Resources

Date: 1-28-16

# EXHIBIT "B"

## PARCEL A & PARCEL B

PARCEL A & B OF INSTRUMENT NO. 2008-0127037, RECORDED MARCH 14, 2008, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA AND BEING LOCATED IN SECTION 20, TOWNSHIP 3 SOUTH, RANGE 1 WEST, SAN BERNARDINO MERIDIAN WITHIN THE UNINCORPORATED TERRITORY OF RIVERSIDE COUNTY.

**DEPARTMENT OF WASTE RESOURCES**
14310 FREDERICK ST. MORENO VALLEY, CA. 92553

| PROJECT NAME: LAMB CANYON SLF | | | |
|---|---|---|---|
| THIS PLAT IS SOLELY AN AID IN LOCATING THE PARCEL(S) DESCRIBED IN THE ATTACHED DOCUMENT. IT IS NOT A PART OF THE WRITTEN DESCRIPTION THEREIN. | RCFC PARCEL NUMBER(S): PARCEL A PARCEL B | SCALE: NO SCALE<br>JAN-27-2016 | PREPARED BY: DAB<br>SHEET NO. 1 OF 1 |



# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Murphy & Evertz LLP, 650 Town Center Drive, Suite 550, Costa Mesa, CA 92656

A true and correct copy of the foregoing document entitled (*specify*): Notice of Motion and Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 (with supporting declarations) (Action in Nonbankruptcy Forum) _____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 04/02/2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 04/02/2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Theodor C. Albert
United States Bankruptcy Court, Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5085, Courtroom 5B Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/02/2019 | Mary Ann Mendoza | /s/ Mary Ann Mendoza |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) (continued)**:

- **Michael H Ahrens** mahrens@sheppardmullin.com
- **Timothy C Aires** tca@arlawyers.com, mdkhan@arlawyers.com
- **Julian K Bach** Julian@Jbachlaw.com, julianbach@sbcglobal.net
- **Robert D Bass** rbass@greenbass.com, mramos@greenbass.com;ecfnotification@greenbass.com
- **Jeffrey S Benice** jsb@jeffreybenice.com
- **Richard S Berger - SUSPENDED -** rberger@lgbfirm.com, srichmond@lgbfirm.com;emeza@lgbfirm.com
- **Anthony Bisconti** tbisconti@bmkattorneys.com, 4579179420@filings.docketbird.com
- **Mark Bradshaw** mbradshaw@shbllp.com, sswartzell@shbllp.com;rhodges@shbllp.com
- **Jeffrey W Broker** jbroker@brokerlaw.biz
- **Frank Cadigan** frank.cadigan@usdoj.gov
- **Matthew M Clarke** matt@christmankelley.com, Dugan@kelleyclarkelaw.com
- **Nancy A Conroy** nancy@gringogazettenorth.com, mr.rene.esparza@gmail.com
- **Catherine Convy** catherine@ggb-law.com, glg@ggb-law.com
- **William R Cumming** cumming@cummingandassociateslaw.com, stclaire@cummingandassociateslaw.com
- **Jonathan S Dabbieri** dabbieri@sullivanhill.com, hill@sullivanhill.com; bkstaff@sullivanhill.com; vidovich@ecf.inforuptcy.com; dabbieri@ecf.inforuptcy.com
- **Jon L Dalberg** jdalberg@lgbfirm.com, srichmond@lgbfirm.com;emeza@lgbfirm.com
- **Richard S Davis** rdavis@fickeldavislaw.com, mfickel@fickeldavislaw.com;nedwards@fickeldavislaw.com;lpalmer@fickeldavislaw.com
- **Caroline Djang** caroline.djang@bbklaw.com, julie.urquhart@bbklaw.com;sansanee.wells@bbklaw.com;paul.nordlund@bbklaw.com
- **Robert K Edmunds** redmunds@parksandsolar.com, tdykes@parksandsolar.com
- **Mary L Fickel** mfickel@fickeldavislaw.com, rdavis@fickeldavislaw.com;lpalmer@fickeldavislaw.com;nedwards@fickeldavislaw.com
- **Rachel A Franzoia** rfranzoia@lgbfirm.com, srichmond@lgbfirm.com
- **Lauren N Gans** lgans@shensonlawgroup.com
- **Jon F Gauthier** jgauthier@ftblaw.com, jrobinson@ftblaw.com;storres@ftblaw.com;mcavaliere@ftblaw.com;acouvrette@ftblaw.com
- **Robert P Goe** kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- **Jeffrey G Gomberg** gomberg@bgwmedia.com, gomberg@synair.com
- **Howard B Grobstein (TR)** hbgtrustee@gtfas.com, C135@ecfcbis.com
- **Peter J Gurfein** pgurfein@lgbfirm.com, srichmond@lgbfirm.com;emeza@lgbfirm.com
- **Pamela E Havird** pehavird@att.net
- **Stella A Havkin** stella@havkinandshrago.com, havkinlaw@earthlink.net;r49306@notify.bestcase.com
- **Murray M Helm** mhelm@helmlaw.com, psestak@helmlaw.com
- **John Mark Jennings** johnmark.jennings@kutakrock.com
- **Steven J. Katzman** SKatzman@bmkattorneys.com, admin@bmkattorneys.com;chowland@bmkattorneys.com;4579179420@filings.docketbird.com
- **David Brian Lally** davidlallylaw@gmail.com

{00143701.1 }This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                      F 9013-3.1.PROOF.SERVICE

- **Robert S Lampl** advocate45@aol.com, rlisarobinsonr@aol.com
- **Rodger M Landau** rlandau@lgbfirm.com, srichmond@lgbfirm.com
- **Jeffrey P Lendrum** jpl@lendrumlaw.com, mike@lendrumlaw.com
- **Richard A Marshack** rmarshack@marshackhays.com, lbuchanan@marshackhays.com;8649808420@filings.docketbird.com
- **Richard A Marshack** rmarshack@marshackhays.com, lbuchanan@marshackhays.com;8649808420@filings.docketbird.com
- **David J McCarty** dmccarty@sheppardmullin.com, nparker@sheppardmullin.com
- **David W. Meadows** david@davidwmeadowslaw.com
- **Reed M Mercado** rmercado@sheppardmullin.com
- **Carlos F Negrete - INACTIVE -** attyservice@negretelaw.com, cfnbknotice@gmail.com,reesparza@calcommcap.com,kaltringer@nflending.com
- **Sean A OKeefe** sokeefe@okeefelc.com, seanaokeefe@msn.com

**Sharon Oh-Kubisch** sokubisch@swelawfirm.com, gcruz@swelawfirm.com;jchung@swelawfirm.com;csheets@swelawfirm.com

- **Robert E Opera** ropera@wcghlaw.com, pj@wcghlaw.com;jmartinez@wcghlaw.com;Meir@virtualparalegalservices.com
- **Tomas A Ortiz** tortiz@garrett-tully.com
- **Robert Petrokofsky** , rpnb@juno.com
- **Kathy Bazoian Phelps** kphelps@diamondmccarthy.com, vgarcia@diamondmccarthy.com
- **Jack A Reitman** jareitman@lgbfirm.com, srichmond@lgbfirm.com;emeza@lgbfirm.com
- **John P Reitman** jreitman@lgbfirm.com, srichmond@lgbfirm.com;emeza@lgbfirm.com
- **Monica Rieder** mrieder@lgbfirm.com
- **Daniela P Romero** dromerolawecf@gmail.com, r57467@notify.bestcase.com
- **George E Schulman** GSchulman@DGDK.Com, danninggill@gmail.com;gschulman@ecf.inforuptcy.com
- **Steven J Schwartz** sschwartz@dgdk.com, DanningGill@gmail.com;sschwartz@ecf.inforuptcy.com
- **Louis A Scotti** louis@scottiandassociates.com, lascotti@rpmlaw.com,bankpara@rpmlaw.com
- **Jonathan Shenson** jshenson@shensonlawgroup.com
- **Evan D Smiley** esmiley@swelawfirm.com, gcruz@swelawfirm.com;csheets@swelawfirm.com;hdavis@swelawfirm.com
- **Michael G Spector** mgspector@aol.com, mgslawoffice@aol.com
- **Adam D Stein-Sapir** info@pfllc.com
- **Kristine A Thagard** kthagard@marshackhays.com, 8649808420@filings.docketbird.com
- **United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov
- **Pamela Kohlman Webster** pwebster@buchalter.com, smartin@buchalter.com
- **Johnny White** JWhite@wrslawyers.com, aparisi@wrslawyers.com
- **Jean C Wilcox** jeanw@hhlawgroup.com, williamc@hhlawgroup.com;davidh@hhlawgroup.com;thomasv@hhlawgroup.com;claudiam@hhlawgroup.com
- **Robert G Wilson - SUSPENDED -** rwilson@lgbfirm.com, srichmond@lgbfirm.com
- **Douglas Wolfe** dwolfe@asmcapital.com
- **Jasmin Yang** Jasmin.Yang@lewisbrisbois.com, Cheryl.Scranton@lewisbrisbois.com

{00143701.1 }This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

- **Roye Zur** rzur@lgbfirm.com, srichmond@lgbfirm.com;emeza@lgbfirm.com
- **Aaron E de Leest** aed@dgdk.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

{00143701.1 }This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                                   **F 9013-3.1.PROOF.SERVICE**